IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY A. PERRY,**

                **Plaintiff,**

        **v.**                                    **CASE NO. 18-3214-SAC**

**SGT. DWAYNE WOODS,**

                **Defendant.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff, a pretrial detainee at the Franklin County Jail, Ottawa, Kansas, proceeds pro se and in forma pauperis.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*,

487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id.* However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id.* at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that

they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

In this case, plaintiff alleges that a sergeant employed at the Franklin County Sheriff's Office tampered with evidence by opening a sealed evidence bag containing plaintiff's DNA and by presenting a falsified search warrant when taking plaintiff's DNA. Plaintiff seeks the dismissal of the criminal charges pending against him in the District Court of Franklin County.

The Court has identified the following grounds for the dismissal of this matter. First, as noted, an action under 42 U.S.C. § 1983 provides a remedy for violations of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Because plaintiff's complaint alleges only violations of state statutes, it does not state a claim for relief under §1983.

Next, even if plaintiff's claims could be liberally construed to allege a federal claim, this Court's intervention is barred by the *Younger* abstention doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that the federal courts should not intervene in state criminal actions that were commenced before the federal action was begun.

Under *Younger*, "federal courts [may] not interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could

adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

"For *Younger* abstention to apply, there must be an ongoing state judicial … proceeding, the presence of an important state interest, and an adequate opportunity to raise federal claims in the state proceedings." *Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1221 (10th Cir. 2018)(internal quotation marks omitted).

Here, plaintiff is subject to two pending criminal cases in state district court.[1] Next, Kansas has a clear interest in enforcing its criminal laws. *See In re Troff*, 486 F.3d 1237, 1240 (10th Cir. 2007)(stating that "state control over criminal justice" is "a lynchpin in the unique balance of interests" of federalism). Third, the Kansas state courts provide plaintiff with an adequate forum to present his claims concerning the evidence produced by the State. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993)("federal courts should abstain from the exercise of … jurisdiction if the issues raised … may be resolved either by trial on the merits in the state court or by other … state procedures")(quotation omitted). Accordingly, all of the criteria for abstention under *Younger* are met, and this Court must abstain.

For the reasons set forth, the Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **October 19, 2018,** to show cause why this matter should

---

[1] On-line records maintained by the Kansas Office of Judicial Administration show that plaintiff is a defendant in Case No. 2018-CR-000080 and Case No. 2018-CR-000095 in the District Court of Franklin County, Kansas. www.kansas.gov/countyCourts/search/records.

not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 18th day of September, 2018, at Topeka, Kansas.


                                         S/ Sam A. Crow
                                         SAM A. CROW
                                         U.S. Senior District Judge